## THE STATE OF NEW JERSEY, PLAINTIFF, v. JOHN VAN BUEREN, DEFENDANT.

Cape May County Court

Decided May 12, 1951.

*Mr. Albert M. Ash*, County Prosecutor, attorney for the State.

*Messrs. Malandra* and *Tomaselli*, attorneys for the defendant.

TENENBAUM, J. C. C.   On April 26, 1951, in response to a subpoena, the defendant, John Van Bueren, appeared before the grand jury of Cape May County, and upon being sworn by the foreman of the grand jury, the following questions were asked the witness:

(1) Are you aware of the business engaged in by Mr. Thurtle?

(2) Have you consulted an attorney?

(3) Is your attorney from Wildwood, New Jersey?

(4) Have you ever seen Mr. Thurtle taking a bet?

(5) Have you ever placed a bet with Mr. Thurtle?

(6) Have you ever placed a bet with anyone?

(7) When did you consult an attorney?

All of which he refused to answer on the ground that "it will tend to incriminate and degrade me."

The State seeks an order to compel the defendant to again appear before the grand jury and answer those questions above propounded.

■■ The defendant is not required to answer questions No. 2, No. 3 and No. 7, as they appear to have no relevancy, and in any event, the answers thereto have been supplied by the appearance of counsel in behalf of the defendant on the return of the rule to show cause.

If the witness is compelled to answer the remaining questions, will the answer or answers thereto, if in the affirmative, expose him to a criminal prosecution? Assuredly the answer to question No. 4, even though the answer thereto be in the affirmative, would not expose the witness to criminal prosecution, since the taking of a bet by another and viewed by this witness, at most, would taint the transaction as bookmaking, which is a misdemeanor, and thus does not oblige the witness to disclose the same in order to exonerate himself from a charge of concealment. Concealment of a crime extends to certain designated offenses in the statute and to *high* misdemeanor. *R. S.* 2:118-2.

■ Now as to questions No. 1, No. 5 and No. 6: Could any harm be visited upon the witness by exposing him to criminal prosecution if he made a bet upon the outcome of a horse race with a bookmaker? The answer is no.

■ Mr. Justice Case in a concurring opinion out of our court of last resort in *State v. Lennon, 3 N. J.* 337, at *page* 345 (1949), said:

"It is a substantive statutory offense, with penalty, to make a book and take bets; it is not a substantive statutory offense, with penalty, to place a bet."

In the *Lennon* case, one Pellecchia was indicted with two other alleged bookmakers for conspiracy, but the conduct of

Pellecchia extended beyond the mere making of a bet by him, but rather it was a grand plan, concerted in action, to bet and accept huge sums of money on the outcome of horse races. The result of the answers in the affirmative to the three questions propounded could not, in anywise, elicit such a scheme, and therefore, the probability of exposure to criminal prosecution of conspiracy is nonexistent.

I direct that the witness, John Van Bueren, answer questions No. 1, No. 4, No. 5 and No. 6 before the grand jury.